FILED
2013 Nov-08 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TONI WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:11-CV-3635-VEH** |
| | ) | |
| **CITY OF BIRMINGHAM, ALABAMA, a Municipal Corporation of the State of Alabama,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**MEMORANDUM OPINION**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Toni Williams ("Ms. Williams") initiated this job discrimination lawsuit on October 14, 2011. (Doc. 1). Ms. Williams filed a second amended complaint (Doc. 23) on February 29, 2012, and asserted five counts arising under the Age Discrimination in Employment Act ("ADEA").[1]

Pending before the court is Defendant City of Birmingham's ("COB") Motion for Summary Judgment (Doc. 32) (the "Motion"), filed on July 15, 2013. The parties

---

[1] Count one is for conspiracy to deprive ADEA rights; count two is for deliberate indifference and failure to prevent violation of ADEA rights; count three is for failure to accept proper issues; count four is for ADEA retaliation; and count five is for continuing violation of ADEA rights. (Doc. 23 at 7-10).

have briefed the Motion (*see* Docs. 33, 35, 38), and it is now under submission. For the reasons explained below, the Motion is due to be granted.

## II. FACTUAL BACKGROUND[2]

Ms. Williams is employed by the COB Police Department and holds the position of Administrative Assistant I. AF No. 1.1;[3] AF No. 1.2. An Administrative Assistant I is primarily responsible for performing routine clerical tasks. AF No. 3.

---

[2] Keeping in mind that when deciding a motion for summary judgment the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following statement of facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact. *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[3] The designation "AF" stands for admitted fact and indicates a fact offered by the COB that Ms. Williams has admitted in her written submissions on summary judgment, in her sworn testimony, or by virtue of any other evidence offered in support of her case. Under appendix II of the court's uniform initial order (Doc. 2) entered on October 17, 2011, "[a]ll statements of fact must be supported by specific reference to evidentiary submissions." (*Id.* at 16). For Ms. Williams, more specifically, this means that "[a]ny statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based." (*Id.* at 17). Consequently, whenever Ms. Williams has inadequately asserted a dispute over a fact that the COB has otherwise substantiated with an evidentiary citation, the court has reviewed the cited evidence and, if it in fact fairly supports the COB's factual assertion, has accepted the COB's fact. On the other hand, whenever Ms. Williams has adequately disputed a fact offered by the COB, the court has reviewed the evidence cited by Ms. Williams and, if it in fact fairly supports Ms. Williams's factual assertion, has accepted Ms. Williams's version. The court's numbering of admitted facts (*e.g.*, AF No. 1) corresponds to the numbering of the COB's statement of undisputed facts as set forth in Doc. 33 and responded to by Ms. Williams in Doc. 35. A number following a decimal point corresponds to the particular sentence within the numbered statement of facts. For example, AF No. 1.2 indicates that the second sentence of paragraph 1 of the COB's statement of undisputed facts is the subject of the court's citation to the record. Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

In her capacity as an Administrative Assistant I, Ms. Williams is currently assigned to the COB Jail. AF No. 1.2. Prior to being assigned to this location, Ms. Williams was working as an Administrative Assistant I in the Data Entry Unit of the Records Division of the COB Police Department. AF No. 2.

Ms. Williams filed an EEOC charge of age discrimination against the COB on August 6, 2010. (Doc. 23-9 at 1 ("**EXHIBIT C**")).[4] Ms. Williams contends that the decision to transfer her to the COB Jail was in retaliation for her filing this EEOC charge.

By way of an uncontested affidavit, Deputy Chief W. Ray Tubbs ("Deputy Chief Tubbs") has testified that he "met with Ms. Williams and asked her if she was willing to transfer to a new location within the police department." (Doc. 33-5 at 2).[5] Deputy Chief Tubbs has further indicated that only after "Ms. Williams [had] agreed to the transfer" did he "then recommend[] to Chief A. C. Roper that Ms. Williams be transferred to the COB Jail." *Id.*

Deputy Chief Tubbs also has clarified that, as a result of Ms. Williams's transfer, "[t]here was no change to her [job] classification; she was simply reassigned from the Administrative Assistant I position in the Date Entry Unit of the Record

---

[4] Any page references to Doc. 23-9 correspond with the court's CM/ECF numbering system.

[5] Any page references to Doc. 33-5 correspond with the court's CM/ECF numbering system.

Division of the Police Department to the Administrative Assistant I at the [COB] Jail; and there was no change in her pay grade." (Doc. 33-5 at 3).

## III. STANDARDS

### A. Summary Judgment

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

### B. Retaliation

"Retaliation against an employee who engages in statutorily protected activity is barred under both Title VII and § 1981." *Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1257-58 (11th Cir. 2012). Further, in *Burlington Northern & Santa*

*Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006), the Supreme Court abrogated prior circuit law, including that of the Eleventh Circuit, limiting anti-retaliation claims under Title VII to claims involving actions that are related to employment or that occur at the workplace. *Id*. at 2409. Rather, post-*Burlington Northern*, the recognized elements of a claim of retaliation under Title VII or § 1981 are that the plaintiff: (1) "engaged in statutorily protected activity"; (2) "suffered a materially adverse action"; and (3) "there was a causal connection between the protected activity and the adverse action."

As the Eleventh Circuit has explained the standard for establishing the second *prima facie* element to a Title VII retaliation claim:

> [T]he Supreme Court has defined an adverse employment action in the context of a retaliation claim as an action by an employer that is ["]harmful to the point that it could well dissuade a reasonable worker from making or supporting a charge of discrimination."

*Wallace v. Georgia Dept. of Transp.*, 212 F. App'x 799, 802 (11th Cir. 2006) (quoting *Burlington Northern*, 548 U.S. at 57, 126 S. Ct. at 2409). The Eleventh Circuit has clearly recognized this abrogation, and has consistently applied the now seven year old *Burlington Northern* standard in retaliation cases. *See Gate Gourmet*, 683 F.3d at 1258 (citing collection of cases).

Additionally, several unpublished decisions by the Eleventh Circuit have

indicated that the *Burlington Northern* Title VII material adversity standard also applies to retaliation claims arising under the ADEA. *See, e.g., Brown v. Northside Hosp.*, 311 F. App'x 217, 224 (11th Cir. 2009) (applying *Burlington Northern* to an ADEA retaliation claim); *Howell v. Compass Group*, 448 F. App'x 30, 34 (11th Cir. 2011) (same); *see also* 11th Cir. Pattern 4.22 (Retaliation–ADEA, ADA and FLSA) (2013) (same).

## IV. ANALYSIS

### A. Ms. Williams's Uncontested Claim(s)

The COB's Motion seeks summary judgment on all of Ms. Williams's claims. As the COB points out in its amended reply (Doc. 38 at 1-2),[6] Ms. Williams's opposition brief is significantly limited in its scope. Specifically, her brief only challenges the entry of summary judgment with respect to count four of her second amended complaint for retaliation under the ADEA.

Therefore, Ms. Williams has abandoned counts one, two, three, and five of her second amended complaint. *See, e.g.*, *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned when argument not presented in initial response to motion for summary judgment); *Bute v. Schuller Int'l, Inc.,* 998 F. Supp. 1473, 1477 (N.D. Ga. 1998) (finding unaddressed claim abandoned); *see also*

[6] Any page references to Doc. 38 correspond with the court's CM/ECF numbering system.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("We decline to exercise our discretion to entertain this argument which was not fairly presented to the district court."); *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (failure to brief and argue issue at the district court is sufficient to find the issue has been abandoned); *Hudson v. Norfolk S. Ry. Co.,* 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."); *cf. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.,* 10 F.3d 1563, 1568 (11th Cir. 1994) (concluding that a district court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment"); *McMaster v. United States,* 177 F.3d 936, 940-41 (11th Cir. 1999) (claim may be considered abandoned when district court is presented with no argument concerning a claim included in the plaintiff's complaint).

Accordingly, the COB's Motion is due to be granted with respect to these uncontested counts.

**B. Ms. Williams's Contested Claim**

Ms. Williams does oppose the entry of summary judgment on her ADEA retaliation claim–count four of her amended pleading. More specifically and as

indicated above, Ms. Williams maintains that the COB made a change in her job assignment from the Records Division to the COB Jail in retaliation for her protected activity of filing an EEOC charge.

In its reply, the COB contends that it is entitled to summary judgment on this claim based on the following reasoning:

> As to Count Four, summary judgment is due to be granted because Plaintiff has failed to make a *prima facie* case of retaliation and Defendant has shown that Plaintiff's change of assignment was not in retaliation to Plaintiff's EEOC filing, but rather to fill a legitimate business need. Defendant has also shown that out of an abundance of caution, it went beyond that which is required when making a management decision, such as change in assignment, by meeting with Plaintiff to get her input prior to making the change in assignment. It was only after Plaintiff agreed to the change in assignment that Defendant moved forward with the change in assignment.

(Doc. 38 at 5 ¶ 9).

In *Burlington Northern*, the plaintiff was <u>involuntarily</u> reassigned from forklift duty to the more demanding "standard track laborer tasks" after she complained about sexual harassment by her immediate supervisor. *Burlington Northern*, 548 U.S. at 58, 126 S. Ct. at 2409. As the Supreme Court analyzed this unilateral change in the plaintiff's primary duties:

> First, Burlington argues that a reassignment of duties cannot constitute retaliatory discrimination where, as here, both the former and present duties fall within the same job description. Brief for Petitioner 24–25. We do not see why that is so. Almost every job category

> involves some responsibilities and duties that are less desirable than others. Common sense suggests that one good way to discourage an employee such as White from bringing discrimination charges would be to insist that she spend more time performing the more arduous duties and less time performing those that are easier or more agreeable. That is presumably why the EEOC has consistently found "[r]etaliatory work assignments" to be a classic and "widely recognized" example of "forbidden retaliation." 2 EEOC 1991 Manual § 614.7, pp. 614–31 to 614–32; *see also* 1972 Reference Manual § 495.2 (noting Commission decision involving an employer's ordering an employee "to do an unpleasant work assignment in retaliation" for filing racial discrimination complaint); Dec. No. 74–77, CCH EEOC Decisions (1983) ¶ 6417 (1974) ("Employers have been enjoined" under Title VII "from imposing unpleasant work assignments upon an employee for filing charges").
>
> To be sure, reassignment of job duties is not automatically actionable. Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and "should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.' " *Oncale*, 523 U.S., at 81, 118 S. Ct. 998. But here, the jury had before it considerable evidence that the track laborer duties were "by all accounts more arduous and dirtier"; that the "forklift operator position required more qualifications, which is an indication of prestige"; and that "the forklift operator position was objectively considered a better job and the male employees resented White for occupying it." 364 F.3d, at 803 (internal quotation marks omitted). Based on this record, a jury could reasonably conclude that the reassignment of responsibilities would have been materially adverse to a reasonable employee.

*Burlington Northern*, 548 U.S. at 70-71, 126 S. Ct. at 2416-17 (emphasis added).

Because Ms. Williams has not provided proof of a materially adverse action consistent with the contours delineated in *Burlington Northern*, the COB is correct

that she is unable to make out a *prima facie* case of ADEA retaliation. More specifically, no reasonable jury could conclude that her transfer to the COB Jail was materially adverse because (1) she consented to the proposed reassignment prior to it occurring; (2) she suffered no economic or appreciable non-monetary detriment (*e.g.*, such as a loss of prestige) as a result of this transfer; and (3) she has failed to identify any other evidence which even suggests, much less sufficiently shows, how this transfer "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington Northern*, 548 U.S. at 68, 126 S. Ct. at 2415 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)); *see also Burlington Northern*, 548 U.S. at 68, 126 S. Ct. at 2415 ("We speak of *material* adversity because we believe it is important to separate significant from trivial harms.") (emphasis in original).

Accordingly, summary judgment in favor of the COB is due to be entered on Ms. Williams's contested claim for ADEA retaliation.

**C. Ms. Williams's Newly Asserted Claim(s)**

The COB additionally indicates that Ms. Williams appears to assert some type of disparate treatment claim under Title VII in her opposition brief that is not included in her amended complaint, as that complaint arises exclusively under the ADEA. (Doc. 38 at 5-6 ¶ 10); (*see also* Doc. 23 at 1 ¶ 2 ("[T]his civil action seeks

to secure protection of, and redress the deprivation of, rights secured by [the] ADEA, providing for injunctive and other relief against discrimination and retaliation.")). To the extent that Ms. Williams has attempted to assert any new claims in her opposition brief, the Eleventh Circuit has made it clear that "[a] plaintiff may not amend her complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)); *see also Flintlock Const. Services, LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1228 (11th Cir. 2013) ("This court's precedent foreclosed Well–Come's attempt to amend its complaint at the summary judgment stage without seeking leave of court pursuant to Rule 15(a)(2).").

Accordingly, the COB's Motion is due to be granted in this regard as well.

## V. CONCLUSION

Therefore, COB's Motion is due to granted, and Ms. Williams's case is due to be dismissed with prejudice. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 8th day of November, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge